# IN THE COURT OF APPEALS OF IOWA

No. 16-1920
Filed January 11, 2017

**IN THE INTEREST OF J.B.,**
**Minor child,**

**V.F., Mother,**
        Appellant,

**T.B., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

A mother and father appeal an order confirming the adjudication of their child as a child in need of assistance. **AFFIRMED ON BOTH APPEALS.**

Robert F. Bozwell Jr. of Bozwell Law Office, Centerville, for appellant mother.

Jonathan Willier, Centerville, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Julie R. De Vries of De Vries Law Office, P.L.C., Centerville, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and father appeal an order confirming the adjudication of their child as a child in need of assistance.

A mother gave birth to her second child in the spring of 2016. The parents' first child was the subject of a separate child in need of assistance proceeding. Her welfare is not a subject of this appeal.

Following the second child's birth, the department of human services received a complaint that the mother was using methamphetamine. A child protective worker visited the home and found the mother to be "physically animated," "bouncing from one foot to the other," "flailing her arms," and using a "very aggressive" tone.

The State sought and obtained an order temporarily removing the child from the mother's care and placing her with the child's paternal grandmother. At a hearing, the parents agreed to a safety plan that included drug testing. The child was returned to their care.

The reunification was short-lived. After both parents tested positive for methamphetamine, they agreed to transfer the child to the care of the child's grandmother. Several months later, the child was adjudicated in need of assistance, an adjudication that was confirmed in a subsequent dispositional order.

On appeal, the parents contend the record lacks clear and convincing evidence to support the child's adjudication under Iowa Code section 232.2(6)(c)(2) (2015). That provision defines a child in need of assistance as one "[w]ho has suffered or is imminently likely to suffer harmful effects as a result

of . . . [t]he failure of the child's parent[s] . . . to exercise a reasonable degree of care in supervising the child."  Iowa Code § 232.2(6)(c)(2).  "Harmful effects" relate to "the physical, mental or social welfare of a child."  *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014) (citation omitted).

Our de novo review of the record reveals the following facts.  The parents tested positive for methamphetamine.  *See id.* at 42 ("[A] juvenile court could reasonably determine that a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care.").  The parents initially cooperated with services, but their participation deteriorated with time.  They delayed obtaining substance abuse evaluations and refused to follow up with recommended testing or treatment.  They reduced their visits with the child, seeing her only twice in the two months preceding entry of the dispositional order.  They ceased phone contact with the department, moved out of their home, and failed to notify the department of their whereabouts.

Based on this record, we conclude the parents were in no position to supervise their child and the child would likely suffer harm in their care.  We affirm the order adjudicating the child in need of assistance and the subsequent dispositional order confirming the adjudication.

**AFFIRMED ON BOTH APPEALS.**